393 So.2d 703 (1981)
Joseph A. COURVILLE, Sr. et al
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 80-C-1704.
Supreme Court of Louisiana.
January 26, 1981.
*704 Patrick C. Morrow, James P. Ryan, Morrow & Morrow, Opelousas, for plaintiff-applicant.
Norman Foret, McBride & Brewster, Lafayette, for defendant-respondent.
BLANCHE, Justice.
Plaintiffs, a major child and his father, filed suit to recover medical expenses, pain and suffering, and property damage, caused by an automobile accident which occurred late at night on February 12, 1978 in St. Landry Parish, Louisiana. Joseph A. Courville, Jr., the major child living with his parents, was driving his father's 1964 GMC pickup truck when he was hit by an automobile driven by Danny P. Richard, an uninsured motorist. Plaintiffs sued Danny P. Richard, Danny P. Richard's father, and State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm), from whom they had purchased uninsured motorist coverage.
Plaintiffs sought recovery against State Farm on two policies, one covering the 1964 GMC pickup truck, and the second covering a 1968 Oldsmobile also owned by Joseph A. Courville, Sr. Each policy had an uninsured motorist limit of $10,000. State Farm filed a motion for summary judgment denying that the plaintiffs were entitled to "stack" the limits of the two policies, which was tentatively denied by the trial judge.
At the trial on the merits, the defendants stipulated to their liability and to property damage in the amount of $850. The only issue given to the jury was damages due to Joseph A. Courville, Jr. The jury returned a verdict in his favor for $30,000. The trial judge ruled that the plaintiffs could stack the two $10,000 policies, resulting in State Farm being cast in judgment for $20,000.
State Farm appealed and the Third Circuit Court of Appeal affirmed the decision but amended it as to State Farm, holding that the plaintiffs could not "stack" and, thus, the judgment against State Farm was limited to $10,000. Plaintiffs sought this writ, which we granted, under the jurisdiction of the 1974 La.Const., art. 5, § 5.
The issue is whether the plaintiffs can "stack" the uninsured motorist coverage provided by the two policies issued to them by State Farm. We find that they may do so in this situation; thus, we reverse the Third Circuit's amendment and hold State Farm liable for a total of $20,000.
*705 Act 623 of 1977 amended R.S. 22:1406(D)(1)(c), relative to uninsured motorist insurance, to prohibit stacking except under certain designated circumstances. The Act became effective on September 9, 1977. Both policies were issued prior to the effective date of the Actthe policy covering the GMC pickup was originally dated December 15, 1970, and the policy covering the Oldsmobile automobile was originally dated July 19, 1973. However, each policy is issued for only six months and then renewed for subsequent six-month periods unless the insurer or insured decides not to renew the policy. Thus, there is no absolute right to insurance beyond six months. Since the initial insurance contract is limited to that six-month term, each subsequent renewal is a separate contract, even though a new policy is not involved. Fontenot v. State Farm Mutual Ins. Co., 119 So.2d 588 (La.App. 1st Cir. 1960). Both policies were renewed after the effective date of the Act and were in effect when the accident occurred. Thus, we agree with the Third Circuit that the renewal of the two policies may be seen as a new contract and they are subject to the laws at that timenamely, R.S. 22:1406(D)(1)(c), as amended.
Nevertheless, turning to that amended Act and applying it to the present situation, we must disagree with the Third Circuit. In pertinent part, the Act is as follows:
"(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
"With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
"(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
"(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant." (Emphasis added).
Both the trial judge and the Third Circuit recognized that a literal reading of R.S. 22:1406(D)(1)(c) would allow the plaintiffs to stack in this situation. Using the second paragraph of the Act: the injured party, Joseph A. Courville, Jr., was occupying an automobile not owned by him; the uninsured motorist policy on the GMC pickup truck in which Joseph A. Courville, Jr., was an occupant is primary; and, since the primary uninsured motorist coverage is exhausted due to the extent of the damages ($30,000), Joseph A. Courville, Jr., may recover as excess from other uninsured motorist coverage available to him, namely, the policy on the 1968 Oldsmobile.
While the first paragraph of the Act provides the general rule that an insured who has insurance available to him under more than one uninsured motorist policy may not stack, that paragraph is followed by the exception that this plaintiff finds himself within; for under the second paragraph of the Act, Joseph A. Courville, Jr., may stack as he was an occupant of a vehicle which he did not own when he was injured.
The Third Circuit Court of Appeal felt the Act was ambiguous as applied to these facts; therefore, they endeavored to ascertain the intent of the legislature. We do not deem such a journey necessary.
According to Louisiana Civil Code art. 13:

*706 "When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit."
The letter of the Act which allows Joseph A. Courville, Jr., to stack these two policies may not be disregarded simply because of some notion that the legislature's spirit behind the above statute is to prevent stacking in situations such as this. Of course, if that is the true spirit, then the legislature should amend the Act by providing in the second paragraph that an insured may not stack even if he is an occupant and a nonowner of the vehicle in which he is injured. For the present, a strict reading of the entire Act allows this plaintiff to recover.
For these reasons, the judgment of the Third Circuit Court of Appeal is reversed to allow the plaintiff to stack the two State Farm policies for a total of $20,000. The remainder of the Third Circuit's opinion was not appealed, and is affirmed. Costs of this appeal are assessed to the respondent, State Farm.