SHORTESS, Judge.
Plaintiff, Steven Bonner, was seriously injured in a two-car collision in Berwick, Louisiana, on April 3, 1979. Plaintiff filed suit against Elvin John Robinson, who was never served, and his insurer, State Farm Mutual Insurance Company. Also made a defendant was Government Employees Insurance Company (GEICO), which provided uninsured motorist (UM) coverage on the vehicle plaintiff was driving. A jury verdict was rendered in plaintiff’s favor in the amount of $325,000.00.
State Farm’s exposure under two policies issued to Robinson aggregated $30,000.00 for a single injury. State Farm paid it limits and is not before this court.
Steven Bonner was a major child residing with his mother and father at the time of the accident. He was driving a 1974 Ford, one of three cars owned by his mother and insured by GEICO under a Family Automobile policy. All three vehicles (a 1974 Ford, a 1975 Chevrolet, and a 1978 Ford) had UM coverage in the amount of $50,000.00 per person per accident. The trial court allowed plaintiff to “stack” these three UM coverages and cast GEICO in judgment for $150,000.00. From this judgment, GEICO appeals.
The sole issue on appeal is whether the trial court erred in allowing plaintiff to “stack” the three UM coverages under the single GEICO policy issued to plaintiff’s mother.
The applicable legislation is embodied in La.R.S. 22:1406(D)(l)(c):
(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the *529 extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
This legislation was designed to prohibit the stacking of policies and coverages, but contains an exception recently outlined by the Louisiana Supreme Court in Courville v. State Farm Mut. Auto. Ins. Co., 393 So.2d 703 (La.1981).
Courville involved a factual situation similar to the present case. The plaintiffs, a major child and his father, filed suit against State Farm seeking recovery on two policies, each having UM coverage of $10,-000.00. The son was driving his father’s 1964 GMC truck and was involved in an accident with an uninsured motorist. One policy covered the truck, and the second covered a 1968 Oldsmobile, also owned by the father. A jury awarded the son $30,-000.00. The trial judge allowed the son to “stack” the two policies and State Farm was cast in judgment for $20,000.00. On appeal, the Third Circuit amended, disallowing the stacking. The Louisiana Supreme Court reversed, finding that plaintiff fell within the express statutory exception to the anti-stacking provision:
Using the second paragraph of the Act: the injured party, Joseph A. Courville, Jr., was occupying an automobile not owned by him; the uninsured motorist policy on the GMC pickup truck in which Joseph A. Courville, Jr., was an occupant is primary; and, since the primary uninsured motorist coverage is exhausted due to the extent of the damages ($30,000), Joseph A. Courville, Jr., may recover as excess from other uninsured motorist coverage available to him, namely, the policy on the 1968 Oldsmobile.
While the first paragraph of the Act provides the general rule than an insured who has insurance available to him under more than one uninsured motorist policy may not stack, that paragraph is followed by the exception that this plaintiff finds himself within; for under the second paragraph of the Act, Joseph A. Cour-ville, Jr., may stack as he was an occupant of a vehicle which he did not own when he was injured. (Emphasis ours.) 393 So.2d at 705.
Applying these guidelines to the present case, we find that plaintiff was an occupant of a vehicle which he did not own when he was injured. Therefore, he falls within the exception provided in R.S. 22:1406(D)(l)(c)(i-ii). The UM coverage on the 1974 Ford, the vehicle in which plaintiff was an occupant, is primary. This coverage was exhausted due to the extent of damages; thus, plaintiff, “... may recover as excess from other uninsured motorist coverage available to him.”
In Courville, the Louisiana Supreme Court allowed the plaintiff to stack two coverages from two separate policies. We are concerned here with the stacking of separate coverages under one single policy. The crucial language in the statute states:
In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant (Emphasis ours.)
This language, when read together with La.R.S. 22:1406(D)(l)(c), wherein “coverage provision” and “policy” are used interchangeably, supports our conclusion that plaintiff may stack one of the $50,000.00 coverages under the GEICO policy as excess with the primary coverage on the 1974 Ford. We find that this exception affords a plaintiff falling within its perimeters the ability to stack one excess coverage to the primary coverage, whether that excess is derived from a single policy or a separate policy. This conclusion is consistent with the holding and directives in Courville.
Under the express mandate of the statute, in no instance may a plaintiff stack more than one coverage. The trial judge erred in allowing plaintiff to stack the two excess coverages; hence, the judgment against GEICO must be reduced to $100,-000.00.
*530 For the above reasons, the judgment of the trial court is affirmed and amended in accordance with the opinion set forth herein. All costs are assessed to GEICO.
AFFIRMED AND AMENDED.