FORET, Judge.
The sole issue presented is whether LSA-R.S. 22:1406(D)(l)(c), the so-called anti-stacking statute, prevents a plaintiff from stacking coverage on (1) the liability coverage of the tortfeasor vehicle; (2) the UM coverage on his host vehicle; (3) the UM coverage on his own vehicle and again, (4) the coverage in dispute, from a fourth vehicle. The trial court held, on motion for summary judgment, that plaintiffs could not stack coverage against the latter UM carrier, after having collected the - first three coverages hereinabove mentioned. We agree.
Plaintiffs’ decedent, one William R. Taylor, Sr., on or about November 11,1980, was a guest passenger in a vehicle owned and operated by Byron Champagne, when a pickup truck owned and operated by William Tanner struck the Champagne vehicle from the rear, causing fatal injuries to William Taylor.
After suit was filed, but prior to trial, plaintiffs settled with:
(1) Travelers Insurance Company, the liability insurance carrier of the Tanner vehicle, the tortfeasor;
(2) The host driver, Champagne’s, uninsured motorist carrier, Allstate Insurance Company; and
(3) Taylor’s uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, which insured a vehicle owned by Taylor.
The only defendant remaining at trial time was Home Indemnity Insurance Company, the uninsured motorist carrier of Betz Laboratories, Inc., decedent’s employer, who furnished a vehicle to decedent, Taylor, to be used in the course and scope of his employment. (Note that this vehicle was not owned by Taylor, and was not involved in the accident in question.) Nevertheless, plaintiffs seek to recover this third uninsured motorist coverage from Home Indemnity. As mentioned above, the trial court sustained a motion for summary judgment filed by Home Indemnity, dismissing Taylor’s suit against it. From this adverse ruling, the Taylors have appealed.
LSA-R.S. 22:1406(D)(1)(c) reads as follows:
“(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insur- *1340 anee or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.” (emphasis ours.)
In Courville v. State Farm Mutual Automobile Insurance Company, 393 So.2d 703 (La.1981), the Louisiana Supreme Court considered the above cited statutory provision, finding that the first paragraph of the statute prohibits stacking of uninsured motorist coverage but, an injured party may stack uninsured motorist coverages available to him if he can bring himself into the well-defined exception of the second paragraph, i.e.,
“when: (1) the injured party is occupying an automobile not owned by him; (2) the U/M coverage on the vehicle in which the injured party was an occupant is primary; and (3) should that primary U/M coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other U/M coverage available to him.”
See also Nall v. State Farm Mutual Automobile Insurance Co., 406 So.2d 216 (La.1981).
In this case, the plaintiff can stack one additional coverage. Mr. Taylor was occupying an automobile not owned by him; the uninsured motorist coverage on the host driver’s automobile was primary and that primary uninsured motorist coverage was exhausted due to the extent of the damage.
Plaintiffs selected uninsured motorist coverage from another policy, namely their own State Farm policy, which paid them the full policy limits under the uninsured motorist provision, $10,000. Having so selected, they are not permitted to stack the additional uninsured motorist coverage provided by Home.
In Courville, the Louisiana Supreme Court chose to adhere to a strict and literal interpretation of R.S. 22:1406(D)(l)(c) as follows:
“The Third Circuit Court of Appeal felt the Act was ambiguous as applied to these facts; therefore, they endeavored to ascertain the intent of the legislature. We do not deem such a journey necessary.
According to Louisiana Civil Code art. 13:
“When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.”
The letter of the Act which allows Joseph A. Courville, Jr., to stack these two policies may not be disregarded simply because of some notion that the legislature’s spirit behind the above statute is to prevent stacking in situations such as this. Of course, if that is the true spirit, then the legislature should amend the Act by providing in the second paragraph that an insured may not stack even if he is an occupant and a non-owner of the vehicle in which he is injured. For the present, a strict reading of the entire Act allows this plaintiff to recover.”
Courville v. State Farm Mutual Automobile Insurance Company, supra.
Adhering to the Supreme Court’s strict and literal interpretation, we hold that the plaintiffs, having already stacked their State Farm uninsured motorist coverage (excess) onto the uninsured motorist coverage of Allstate (primary), are not now permitted to stack any uninsured motorist coverage possibly afforded by Home for the reason that sub-paragraph (c)(ii) of the statute clearly and specifically provides that:
*1341 “In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
Learned counsel for plaintiffs would have us apply a different interpretation of what seems to us to be very clear statutory language and intent. Unfortunately, we cannot agree with counsel.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff s-appellants.
AFFIRMED.