STOKER, Judge.
This is a declaratory action brought by Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau) for the purpose of determining its liability for uninsured motorist and medical payments coverage under two policies. Defendant, Cynthia Pinder, is an insured under the two policies issued to her father in whose household she resided. For purposes of clarity, we will refer to the policies as numbers one and two.
Cynthia Pinder was injured in a two-ear collision while a guest passenger in an automobile owned and operated by her brother, Gary Pinder. The other automobile was operated by Joe Thomas, Jr., whose negligence was found to be the sole proximate cause of the accident. There was no automobile liability insurance covering either vehicle.
Each of the automobile liability policies issued by Farm Bureau to Cynthia’s father provided uninsured motorist coverage of $10,000 per person and medical payments coverage of 100% of the first $2,000 and 80% of the remaining medical expenses up to a total of $5,000. The parties stipulated that Cynthia’s general damages exceeded $10,000 and that she incurred medical expenses in the amount of $6,382.92. Farm Bureau paid Cynthia $10,000 under the uninsured motorist provisions and $5,000 under the medical payments of policy number one. It also paid her $632.92 under the medical payments provisions of policy number two.
Cynthia made demand for an additional $10,000 through “stacking” under the uninsured motorist provisions of policy number two. She also made demand for her remaining unpaid medical expenses of $750 under the medical payments provisions of policy number two. Farm Bureau then brought this action to determine its liability as to those amounts. The trial court did not allow Cynthia to recover the additional $10,000 by stacking the uninsured motorist coverage from policy number two, but the trial court did allow her to recover the $750 in unpaid medical expenses under the excess medical payments coverage of that policy. We affirm.
UNINSURED MOTORIST COVERAGE
The stacking of uninsured motorist coverage is governed by LSA-R.S. 22:1406(D)(l)(c) which provides:
“If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to *529 him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.” (Emphasis added)
In her brief on appeal, Cynthia Pinder asserts that the above provisions did two things:
“A) It prohibited an insured owner from stacking uninsured motorist coverage available under more than one policy or on multiple automobiles under one policy; and
B) It prohibited a non-owner insured occupying a non-owned automobile from stacking more than one uninsured motorist coverage over and above the primary uninsured motorist coverage for the policy on the vehicle in which he was riding — nothing more.” (Emphasis added.)
We agree that stacking is limited as stated by defendant in “B” above, but we do not agree that only an insured owner is prevented from stacking.
The Louisiana Supreme Court in Courville v. State Farm Mutual Automobile Insurance Company, 393 So.2d 703 (La.1981), considered a case in which a son residing with his father was insured while the son was driving one of his father’s two insured vehicles. The Supreme Court said:
“Act 623 of 1977 amended R.S. 22:1406(D)(l)(e), relative to uninsured motorist insurance, to prohibit stacking except under certain designated circumstances.
* * * * * *
“While the first paragraph of the Act provides the general rule that an insured who has insurance available to him under more than one uninsured motorist policy may not stack, that paragraph is followed by the exception that this plaintiff finds himself within; for under the second paragraph of the Act, Joseph A. Cour-ville, Jr., may stack as he was an occupant of a vehicle which he did not own when he was injured.”
There is nothing in the first paragraph of the statute in question nor in the above statement by the Court to indicate that the general prohibition is limited to insured owners. It applies to all insureds under uninsured motorist coverage. Cynthia was an insured under the policies issued to her father; therefore, the general prohibition against stacking is applicable.
The specific situation set out in the second paragraph of the statute represents an exception to the general prohibition against stacking. Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216 (La.1981). Because there was no primary uninsured motorist coverage on the vehicle occupied by Cynthia, she does not come under the exception and may not stack other coverage available to her.
By comparing the situations in this case (Pinder) with those in Courville and Nall, the pattern created by the statute may be outlined. Under the general provision a person injured by an uninsured motorist is allowed to recover under only one policy providing U/M coverage. The exception is designed to permit limited stacking under circumstances where the injured insured party is hurt while occupying an automobile of which the insured is not the owner. Under the exception the injured party may recover both under any primary U/M coverage on the accident-involved-vehicle and one (but not more than one) other policy as to which the injured party is an insured.
In Courville, the son of the insured was allowed to recover (stack) under both of his father’s policies with State Farm Mutual Automobile Insurance Company. This was allowed because the son, injured while driving one of his father’s insured vehicles (1) was not the owner of the vehicle and (2) U/M coverage on that vehicle was primary. This possibly represents the only situation in which a claimant may recover, that is stack, with reference to two policies issued by a single insurer on more than one vehicle belonging to a single owner. If the father in Courville had been injured, he would have been covered by the general rule as he was the owner of the accident-involved-vehicle.
*530 In Nall the son was allowed one U/M coverage against State Farm although he was an insured under two State Farm policies issued to his father. In Nall the accident-involved-vehicle belonged to a third person, Ruby, and was driven by Ruby’s negligent son. Recovery was allowed on behalf of Nall’s injured son under one of State Farm’s policies because the U/M GEI-CO insurance on the Ruby vehicle, which provided the primary coverage, was not available. As held under the second part of the Louisiana Supreme Court opinion, Nall was not allowed to recover under both the liability and U/M coverage of the GEICO policy. GEICO had paid Nall under its liability coverage. Hence, the Nall recovery was controlled by the general rule stated in paragraph (c) of the statute quoted above, and Nall was allowed to recover under only one of the State Farm policies as to which young Nall was an insured as a resident of his father’s household.[1]
Here, in Pinder’s case, the situation is analagous to the Nall case. There was no insurance on the accident-involved-vehicle belonging to Cynthia’s brother, and thus there was no primary insurance. For that very reason the general rule of LSA-R.S. 22:1406(D)(l)(c) applies rather than the exception. Cynthia may recover under one of her father’s U/M coverages with Farm Bureau but not both. This result gives effect to the purpose of the statute which is to prohibit stacking. The exception represents a concession to an insured who would not receive any benefit from his U/M coverage for which he paid premiums (or on whose behalf premiums were paid) when the accident-involved-vehicle is non-owned.
In following the letter of the statute, as we are admonished to do in Courville, we affirm the trial court’s denial of the right to stack Farm Bureau’s two U/M coverages because one element necessary for application of the exception was missing. That element was the existence of primary coverage on the accident-involved-vehicle. Courville itself evidently represents a fortuitous conjunction of elements which resulted in stacking two coverages provided by one insurer to one insured.
MEDICAL PAYMENTS
Farm Bureau made payment of $5,632.92 under the medical payments provisions of the two policies leaving Cynthia with a balance of $750 in unpaid medical expenses. As stated earlier, each policy provides medical payments coverage for 100% of the first $2,000 of the medical expenses and 80% of remaining expenses up to a total of $5,000.[2]
With regard to medical payments each policy provides that the “.. . insurance shall be excess over any other valid and *531 collectable automobile medical payments insurance available under any other policy to the named insured, spouse, or relative.” Under the language of the policies, the second issued policy is deemed excess and picks up medical payments only after the limits of the first policy have been exhausted. This policy construction is not disputed.
The purpose of excess insurance is to provide coverage after another policy limits have been exhausted. In this case the $5,000 limits of policy number one were exhausted, yet only $632.92 of the remaining $1,382.92 unpaid medical expenses were paid under policy number two. Cynthia is entitled to the additional $750 under the provisions of policy number two.
CONCLUSION
We find no abuse of discretion in the decision of the trial court to assess all costs of the district court action to plaintiff, Farm Bureau. However, costs of this appeal are assessed to defendant, Cynthia Pin-der.
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. This holding or reasoning in Nall is not explicitly set forth. However, the Louisiana Supreme Court affirmed our holding on the point, stated on page 204 in 398 So.2d 201. Our statement of the matter was as follows:
“Courville is distinguished from the present case on the facts. One of the two policies in Courville covered the vehicle in which the plaintiff was an occupant, and the other policy covered another vehicle. In the present case neither of the State Farm policies which provide uninsured motorist coverage to the ■plaintiff covers the vehicle in which the plaintiff was an occupant. Therefore, unlike Courville, there is no primary coverage as provided in R.S. 22:1406(D)(l)(c)(i), quoted above.
“A reading of the above quoted portion of the Supreme Court opinion in Courville shows that the holding is limited strictly to the particular facts where (1) the injured party is occupying an automobile not owned by him, (2) there is uninsured motorist coverage on the vehicle in which the injured party was an occupant, and (3) there is also available to plaintiff uninsured motorist coverage on another vehicle. In the present case, the second of these requirements is missing. The result is that this case is controlled by the general rule stated in subparagraph (c) quoted above, that an insured who has uninsured motorist coverage available to him under more than one policy may not stack. The exception to this general rule, applied in Courville, does not apply to the present case.”
Professor W. Shelby McKenzie reads the Supreme Court’s opinion as we do. See 43 La.L. Rev. 691 (1983) at page 721.

. It appears to be the position of Farm Bureau that the $750 withheld by it represents 20% of the remaining medical expenses not covered by policy number one, and that this amount should not be covered by policy number two.