Darrell R. WILLIAMS, et al.,
Plaintiffs-Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Appellant.

Darrell R. WILLIAMS, et al.,
Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Appellee.

Darrell R. WILLIAMS, et al.,
Plaintiffs-Appellees,

v.

Robert F. LANDERS,
Defendant-Appellant.

Nos. 82–2285, 82–2310 and 82–2430.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1984.

Decided June 26, 1984.

Order Added Aug. 13, 1984.

Don A. Smith, Neal Kirkpatrick, Harper, Young, Smith & Maurras, Fort Smith, Ark., for Williams.

Alvin Laser, Beverly A. Rowlett, Laser, Sharp, Haley, Young & Huckabay, P.A., Little Rock, Ark., for State Farm.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

This diversity case principally poses the issue whether, under Louisiana law, an injured occupant of an automobile may cumulate, or "stack", the uninsured motorist coverages for two separate insurance policies issued to the owner of the automobile. This case stems from a two car collision in Arkansas. Candace Gilbert and Helen Williams were passengers in a car driven and owned by Bob Quarles. Quarles' car was struck by a car driven by defendant Robert Landers. As a result of the collision, Williams died and Gilbert sustained serious injuries. Gilbert and her husband filed a personal injury suit against Landers and State Farm Mutual Automobile Insurance Company, Quarles' automobile liability insurer, in federal district court in Arkansas.

Both Arkansas and Louisiana law permit an injured party such as Gilbert to maintain a direct cause of action against the insurer issuing the liability policy.[1] The administrator of Williams' estate and Williams' husband (hereinafter collectively referred to as "Williams") were joined as plaintiffs in the suit.

Landers carried liability insurance of $10,000.00 per person and $20,000.00 per accident. Quarles was covered by two State Farm insurance policies, both issued in Louisiana, one policy providing uninsured motorist coverage of $100,000.00 per person ($300,000.00 per accident) for the car involved in the collision, and the other policy providing identical coverage on a separate car owned by Quarles. The Gilberts requested $350,000.00 in damages against Landers and the $100,000.00 uninsured motorist coverage limit on the State Farm policy issued for the Quarles' car Gilbert occupied at the time of the accident. Williams requested $800,000.00 in damages from Landers and $200,000.00 from State Farm. The $200,000.00 represented the combined total of the $100,000.00 uninsured motorist coverage limits for the two State Farm policies issued to Quarles.

In a pre-trial order, the district court, applying Arkansas' conflicts rules, decided Louisiana law was controlling. The court, applying Louisiana law, first concluded that Landers would be an "uninsured motorist" if the jury determined that the damages suffered by plaintiffs exceeded $20,000.00, the limit of Landers' liability coverage. The court secondly concluded that if Landers were an "uninsured motorist", the uninsured motorist coverages on Quarles' two State Farm policies could be "stacked" to provide a possible coverage of $200,000.00 for each plaintiff injured in Quarles' car. On this appeal, State Farm contends this second conclusion was erroneous.

The jury found Landers 90% at fault and Quarles 10% at fault. Pursuant to a judgment entered after a jury verdict, the plaintiff Gilbert was to recover $20,000.00 from defendants State Farm and Landers. Williams was to recover $192,700.00 against Landers and State Farm jointly, and $10,000.00 against Landers solely. The court awarded State Farm judgment against Landers in the amount of $192,700.00 or the amount required by State Farm to satisfy the judgment, whichever was less.

State Farm appeals from the portion of the judgment in favor of Williams relating to the application of Louisiana law and the "stacking" of the two State Farm insurance policies issued to Quarles. Williams cross appeals seeking recovery of attorneys' fees and expenses against State Farm pursuant to Ark.Stat.Ann. § 66–3238 (1980 Repl.). Williams also seeks costs and expenses resulting from Landers denial of requests for admissions. Fed.R.Civ.P. 37. Landers cross appeals, claiming the district court erred in denying his motion to alter or amend the judgment granted to State Farm against Landers.

■ Initially we do not believe the district court erred in concluding that, under Arkansas' conflict of law rules, Louisiana insurance law was controlling. "We give great weight to the interpretation of state law [including conflict of law rules] by a federal district judge of that state." *Ramsey v. Mutual of Omaha*, 652 F.2d 764, 766 (8th Cir.1981). Under Arkansas' conflict rules, an Arkansas court is free to apply the substantive law of a sister state where it finds that such state has the "most significant relationship" to the outcome of the issues involved. *Williams v. Carr*, 263 Ark. 326, 565 S.W.2d 400, 403–04 (1978). The district court properly found that Louisiana had a significant interest because it was the state where: (1) the contracts of insurance in question were negotiated; (2) the insurance premiums were paid; (3) both parties (Quarles and State Farm) to the contracts reside and/or do business. The court also pointed out that if the contracting parties had a dispute regarding the policy provision, the matter would be litigated in Louisiana.

■ Under Louisiana law, there is really no dispute that Landers would be considered an "uninsured motorist" since the damages to Williams far exceeded the liability coverage on Landers' vehicle. La. R.S. 22:1406(D)(2)(b). The principal dispute here centers on whether, under Louisiana law, the uninsured motorist coverages on the two State Farm policies issued to Quarles could be "stacked" to provide greater recovery to Williams, since the de-

---

**1.** *See Ark.Stat.Ann.* § 66–4001 (1980 Repl.) and La.R.S. 22:655.

ceased Helen Williams was an occupant of Quarles' automobile. The district court concluded that the two policies could be stacked for a total coverage to Williams of $200,000.00.

■ The Louisiana Uninsured Motorist Statute, La.R.S. 22:1406, requires that insurance policies provide uninsured motorist coverage for a person who qualifies as an "insured" under the policy.[2] *Malbrough v. Wheat*, 428 So.2d 1110, 1113 (La.App. 1 Cir.1983). Thus, as the Louisiana Supreme Court clarified in *Seaton v. Kelly*, 339 So.2d 731, 733 (La.1976), "[t]he question of 'stacking' [uninsured motorist coverages] only arises once it is determined that the person seeking to cumulate benefits on two or more uninsured motorist coverages is an insured under the terms of those policies." *Accord, Block v. Reliance Insurance Co.*, 433 So.2d 1040, 1045 (La.1983) ("The question of stacking only arises when it is determined that the person seeking to accumulate benefits is an *insured* under the terms of the policies he is seeking to stack." *Citing Seaton v. Kelly); Suhor v. Gusse,* 403 So.2d 83, 94 (La.App.1981) (on application for rehearing per curiam).

■ The two Quarles' policies define "insured" for the purposes of uninsured motorist coverage as follows:

"Insured" means:
  (a) the named insured and any relative;
  (b) any other person while occupying an insured automobile; and
  (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this part applies, sustained by an insured under (a) or (b) above.

Williams, neither a named insured nor a relative of the named insured, could qualify as an "insured" only under paragraph (b)— i.e., as a "person while occupying an insured automobile." "Insured automobile" is defined by both policies as "an automobile described in the policy for which a specific premium charge indicates that coverage is afforded". Thus, Williams' quali-

fied as an "insured" only under the policy covering the Quarles' vehicle she was occupying at the time of the accident. She did not qualify as an insured under the policy covering Quarles' other automobile and thus she was not entitled to the uninsured motorist coverage under that policy.

Our holding here is in line with *Seaton v. Kelly,* 339 So.2d 731 (La.1976), a Louisiana Supreme Court case "on all fours" with this case. In *Seaton v. Kelly,* an owner had two separate State Farm policies, one policy covering his Ford truck and the other covering his Volkswagen automobile. Each policy provided uninsured motorist coverage and contained definitions of "insured" and "insured automobile" identical to the definitions in the Quarles' policies here. The plaintiff Seaton was a passenger in the Ford pick-up truck when it collided with a car driven by an uninsured motorist. Seaton sustained injuries from the collison and sought to recover the uninsured motorist limits under both the policy insuring the Ford and the policy insuring the Volkswagen. In other words, Seaton, like Williams here, sought to "stack" the uninsured motorist coverages under the owner's two policies. The court permitted recovery under the policy insuring the Ford, but not the policy insuring the Volkswagen. The *Seaton* court reasoned:

> The issue is not whether plaintiff can "stack" the uninsured motorist coverages on the two policies issued to Kelly. The question of "stacking" only arises once it is determined that the person seeking to cumulate benefits on two or more uninsured motorist coverages is an insured under the terms of those policies
> . . . .
> . . . Since by the clear terms of the policy in this case . . ., the plaintiff was not occupying the automobile "described in the policy for which a specific premium charge indicates that coverage is afforded . . ." (the Volkswagen), he was not occupying the "insured automobile." As such he was not an "insured" under the Volkswagen policy and is, therefore,

---

**2.** The mandatory uninsured motorist coverage of La.R.S. 22:1406(D)(1)(a) provides in part:
> "No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless cov-

erage is provided therein or supplemental thereto, . . . *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; . . ." (Emphasis added).

not entitled to the benefits contained therein.

*Id.*, 339 So.2d at 733, 735.

*Seaton's* holding was followed in *Suhor v. Gusse*, 403 So.2d 83 (La.App.1981), a case in which an injured passenger sought to stack the uninsured motorist coverages of the defendant's six separate insurance policies. The court, referring to *Seaton*, stated:

The case before us is identical in respect to stacking; it is a case in which stacking does not become an issue because plaintiff is not an insured under any policy except the one covering the vehicle he was occupying. He is therefore not entitled to any benefits provided by any other policy.

*Id.* at 94.

Williams, like the plaintiffs in *Seaton and Suhor*, could not stack because she was not insured under any policy except the one covering the vehicle she was occupying at the time of the accident.

Louisiana's "Anti-stacking Act" (Act 623 of 1977), which became effective September 9, 1977, does not alter *Seaton's* holding. The Act amended La.R.S. § 22:1406(D)(1)(c) to prohibit stacking of uninsured motorist coverages except under certain designated circumstances.[3] The pertinent language of the amended La.R.S. 22:1406(D)(1)(c) is:

"If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:

"With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:

"(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;

"(ii) *Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him.* In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant."

(Emphasis added).

Under this amendment, the injured occupant is permitted to stack only when he has "other uninsured motorist coverage available to him." This language should be read in conjunction with 22:1406(D)(1)(a)[4], the subsection relied on in *Seaton*, which provides that an automobile liability policy includes uninsured motorist coverage "for the protection of persons insured thereunder." Since Williams, like the plaintiffs in *Seaton and Suhor*, was only "insured" under the policy covering the car she occupied, she cannot pass the initial hurdle of having "other uninsured motorist coverage available to him."

Our interpretation here was implicitly adopted in *Block v. Reliance Ins. Co.*, 433 So.2d 1040, 1045 (La.1983), where the Louisiana Supreme Court concluded:

The question of stacking only arises when it is determined that the person seeking to cumulate benefits is an insured under the terms of the policies he is seeking to stack. *Seaton v. Kelly, supra*, R.S. 22:1406(D)(1)(a) requires that no automobile liability insurance shall be delivered in this state unless uninsured motorist coverage is provided therein "for the protection of persons insured thereunder".

Considering the language of La.R.S. 22:1406, as amended by the "Anti-stacking Act", and the above quoted statement from *Block*, we have little doubt as to the continued validity of *Seaton* in Louisiana.

In support of its conclusion permitting stacking, the district court improperly relied on *Courville v. State Farm Mutual Automobile Ins. Co.*, 393 So.2d 703 (La.

---

**3.** "The purpose of the Act was to prevent "stacking of uninsured/underinsured motorist insurance policies and coverage, which had been allowed by the jurisprudence prior to the

amendment". *Duhe v. Maryland Cas. Co.*, 434 So.2d 1193, 1196 (La.App.1 Cir.1983).

**4.** *See supra* note 1.

1981), where the Louisiana Supreme Court held that under La.R.S. 22:1406(D)(1)(c) (The Anti-stacking Act), uninsured motorist coverage for two separate policies could be stacked if the plaintiff, a relative of the named insured under the policies, was injured while occupying a vehicle owned by the named insured. In *Courville,* the plaintiff was a close relative of the named insured, and thereby qualified as an "insured" under both of the State Farm insurance policies he sought to stack. Thus, the plaintiff in *Courville,* unlike Williams and the plaintiffs in *Seaton* and *Suhor,* met the threshold stacking requirement of having "other uninsured motorist coverage available to him".[5]

▪ Therefore, since Williams was not entitled to recover as an "insured" under the second State Farm policy—the policy covering the Quarles' car she did not occupy at the time of the accident—we reduce Williams' award against State Farm by the sum of $100,000.00.

▪ The remaining issues on this appeal can be disposed of with little discussion. Williams claims that, under Ark.Stat. § 66–3238 (1980 Repl.), he was entitled to recover from State Farm a 12% penalty and reasonable attorneys' fees based on State Farm's refusal to pay Williams the limits of the uninsured motorist coverage for both of the policies issued to Quarles. State Farm clearly cannot be assessed the penalty and fees on the second policy—representing $100,000.00 in coverage—because Williams was not entitled to recover under that policy. And, because State Farm offered the $100,000.00 uninsured motorist limit on the policy covering Williams, it cannot be assessed fees and expenses for

failure to make payment on demand with respect to that policy. *See Broadway v. Home Insurance Co.,* 203 Ark. 126, 155 S.W.2d 889 (1941); *Clark v. New York Life Ins. Co.,* 245 Ark. 763, 434 S.W.2d 611, 613 (1968).

▪ Williams asserts that Fed.R.Civ.P. 37(c) mandates fees and costs resulting from Landers' denial of request for admission regarding elements of negligence—specifically Landers' state of legally defined intoxication at the time of the accident. In denying this claim, the district court specifically rejected Williams' contention that Landers' failure to admit was done in bad faith. In doing so, the district court necessarily must have found that Landers "had reasonable grounds to believe that he might prevail on the matter, or ... [that] there was other good reasons for failure to admit". Fed.R.Civ.P. 37(c)(3) & (4). Reviewing the record, we are unprepared to say that the district court abused its broad discretion in denying fees and costs under Rule 37(c).

▪ Finally, Landers claims State Farm should not have been awarded judgment over and against him. State Farm was clearly entitled to judgment over and against Landers based upon the jury's finding of liability on the part of Landers, which required State Farm to assume liability under its uninsured motorist coverage.[6] We reject as frivolous Landers' contention that State Farm's counsel prejudiced Landers by allegedly making improper closing argument. State Farm's counsel did not mislead the jury, but frankly and accurately stated State Farm's position with respect to assuming responsibility for the damages the plaintiffs sustained in the accident.

---

**5.** During oral argument, Williams relied on *Duhe v. Maryland Cas. Co.,* 434 So.2d 1193 (La. App.1 Cir.1983), where the court interpreted *Courville* without discussing the requirement that the injured-occupant must be an "insured" under the terms of the policies he seeks to stack. *Id.* at 1197. *Duhe* is of little aid to Williams. First, from the opinion it is impossible to tell whether the plaintiff-occupant was "insured" under the terms of the second policy he sought to stack. Second, *Duhe* actually held that the plaintiff could not stack because he had not exhausted the primary coverage. Third, *Duhe,* an appellate court opinion, has no precedential value to the extent that it may conflict with the Louisiana Supreme Court's holding in *Seaton,* a holding that was reaffirmed by the Louisiana Supreme Court in *Block v. Reliance Insurance Co.,* 433 So.2d 1040, 1045 (La.1983).

**6.** Landers suggests that the court should not have entered judgment in favor of State Farm against Landers until after State Farm paid the judgment. However, the judgment states:

"It is further considered, ordered and adjudged that the defendant State Farm Mutual Auto Insurance Company have of and recover judgment over and against the defendant, Robert F. Landers, in the amount of $192,-700.00 *or in that amount which State Farm Mutual Auto Insurance Company is required to pay to satisfy this judgment, whichever is the lesser.*" (Emphasis added).

The language clearly indicates that State Farm, if ultimately found liable for some or all of the judgment, must satisfy the joint and several judgment against State Farm and Landers before actually recovering from Landers.

Judgment in accordance with the opinion. Costs assessed against Landers and Williams.

## ORDER

The plaintiff, pursuant to Rule 15 of this circuit's rules, has petitioned this court to "correct" its mistake in the recalculation of damages. We deny the plaintiff's request for the following reasons.

In *Williams v. State Farm Mut. Ins. Co.*, No. 82–2285, slip op. (8th Cir. June 26, 1984), we held that under the applicable law the plaintiff, Williams, could not "stack" two uninsured motorist insurance policies for purposes of recovering damages. As a result, we reduced the plaintiff's $192,700 damage award against the defendant State Farm by $100,000, the maximum amount available under the second uninsured motorist insurance policy.

Originally, the district court had held that the defendant Landers was insured in the amount of $10,000 for injuries to each person. The court subtracted this amount from the maximum amount, $200,000, that State Farm could have been held liable for under its two uninsured motorist policies. Finally, the court held the defendants jointly and severally liable for funeral expenses in the amount of $2,700. Thus, the plaintiff was entitled to recover $192,700 from State Farm which in turn could seek recovery in the same amount from Landers.

Our decision followed the district court's formula, but because the plaintiff was not entitled to recover under both of the uninsured motorist policies, and because the maximum amount of coverage under each was $100,000, damages were reduced accordingly. Thus, Landers was held liable for the maximum amount of coverage available under his policy, $10,000. This amount was subtracted from the maximum amount available to plaintiff under one of State Farm's uninsured motorist policies, $100,000, for a total of $90,000. Finally, the plaintiff was granted funeral expenses against State Farm in the amount of $2,700, which State Farm may seek recovery of from Landers. Thus, the total award to which the plaintiff is entitled from State Farm is $92,700.

We do not perceive any inequity in the formula for damages followed by the district court. Nor do we perceive an error in the recalculation of damages in accordance with our decision. State Farm's maximum liability was offset by Landers' maximum liability. If Landers had had no insurance, the maximum amount the plaintiff could have recovered is $100,000, plus funeral expenses. That is the amount of recovery allowed by our decision.