520 So.2d 877 (1987)
Glenda T. SALTER, et al., Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 86-1059.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*878 Chris Smith, III, and Anthony C. Leach, Jr., Leesville, for plaintiff-appellant.
Stafford, Stewart & Potter, Larry Stewart, Alexandria, for defendants-appellees.
Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
The plaintiff, Glenda T. Salter, individually, and on behalf of her three minor children, has appealed the summary judgment rendered in favor of the defendant, Government Employees Insurance Company (GEICO), and against the plaintiff. GEICO provided uninsured motorist coverage in two separate policies of liability insurance issued to the plaintiff and the decedent, James L. Salter, on 1977 and 1981 Buick automobiles. Plaintiff's decedent was driving the 1977 Buick at the time he was killed in a collision with Allen S. Thomas. Mr. Thomas and his insurer, State Farm Mutual Automobile Insurance Company, were also made defendants. Because Mr. Thomas was underinsured, the plaintiff sought recovery from GEICO under both policies of uninsured motorist coverage. The trial court held that the two policies could not be stacked pursuant to the "anti-stacking" provision of LSA-R.S. 22:1406D(1)(c). We affirm the judgment of the trial court.
LSA-R.S. 22:1406D(1)(c) provides, as follows, that:
"(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
"With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
"(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
"(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant."
The limited exception to the "anti-stacking" provision is applicable when the following three criteria are met: (1) the injured party was occupying an automobile not owned by him; (2) the uninsured motorist coverage on the automobile in which the injured party was an occupant is primary; and (3) the primary uninsured motorist coverage becomes exhausted due to the extent of damages. Under such circumstances the injured occupant may recover as excess from other uninsured motorist coverage available to him. See Courville v. State Farm Mutual Auto. Ins. Co., 393 So.2d 703 (La.1981).
The plaintiff, in her brief, relies on Courville, supra, as support for the proposition that Mr. Salter's children may stack the two GEICO policies. In Courville, the child in question, Joseph A. Courville, Jr., received bodily injuries while occupying a vehicle not owned by him. Accordingly, the younger Courville, as the injured party, fell within the exception to the anti-stacking provision of LSA-R.S. 22:1406D(1)(c) and was allowed to stack the uninsured motorist coverage provided in the two policies issued to his father. The plaintiff argues that the Courville rationale would *879 provide coverage under both GEICO policies in this case because the children are injured parties who do not own the vehicles in question. We disagree.
The party referred to in the clear language of LSA-R.S. 22:1406D(1)(C) is the injured party who has sustained bodily injury while occupying an automobile not owned by that injured party. While counsel for plaintiff is correct that the Salter children did not own the vehicle driven by their father and they are tortiously wronged by his death, they are not the injured party referred to in the statute. Their injury is a result of their father's death and not a result of their having received bodily injury while occupying a vehicle not owned by them. In summary, the limited exception is restricted to an insured who suffers physical injury personally while occupying a non-owned vehicle.
The statute is unambiguous and is a restrictive statute. The plaintiff would have us disregard the anti-stacking provision since the statute does not make reference to or provide for restriction of recovery under the circumstances in this case. In our view, extension of the clear wording of the statute "by interpretation" to clothe the circumstances presented is not open to this court.
The decedent, James L. Salter, was occupying a vehicle owned by him, therefore this claim does not fall within the exception to LSA-R.S. 22:1406D(1)(c). The only uninsured motorist coverage available is that provided by GEICO in the amount of $50,000 on the 1977 Buick which the decedent was driving at the time that he was killed.
We conclude that the trial court committed no error in finding no genuine issue of material fact and that GEICO was entitled to judgment as a matter of law. LSA-C. C.P. art. 966.
Accordingly, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.