Barbara Duncan RAMSEY, individually and as next friend of Lisa Lynn Duncan and Jean Marilyn Duncan, individually and as next friend of Matthew Duncan, Appellees,

v.

MUTUAL OF OMAHA, Appellant.

Provident Life Insurance Company; Beneficial Standard Life Insurance Company; The Mutual Life Insurance Company of New York.

Barbara Duncan RAMSEY, individually and as next friend of Lisa Lynn Duncan and Jean Marilyn Duncan, individually and as next friend of Matthew Duncan, Appellees,

v.

MUTUAL OF OMAHA; Provident Life Insurance Company; Beneficial Standard Life Insurance Company,

The Mutual Life Insurance Company of New York, Appellant.

Nos. 80–1845, 80–1943.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1981.

Decided July 15, 1981.

Winford L. Dunn, Jr., argued, Smith, McClerkin, Dunn & Nutter, Texarkana, Ark., for appellant Mutual of Omaha.

W. H. Arnold, III, argued, Arnold, Arnold, Lavender & Rochelle, Ltd., Texarkana, Ark., for Matthew Duncan.

Norman C. Russell, argued, Atchley, Russell, Waldrop & Hlavinka, Texarkana, Tex., for Barbara Duncan Ramsey, Individually and as Next Friend for Lisa Lynn Duncan.

Jim K. Goodman, argued, Kelley C. Callahan, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, P. C., Oklahoma City, Okl., for appellant Mutual of New York.

Before LAY, Chief Judge, STEPHENSON, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

In this consolidated appeal Mutual of Omaha and Mutual Life Insurance Company of New York (MONY) appeal from money judgments entered upon a jury verdict finding coverage under certain accident insurance policies issued to Dr. Lawrence Duncan, now deceased. The insurers challenge the sufficiency of the evidence, as well as certain jury instructions defining "accident" under governing state law. We find no prejudicial error and affirm the judgments.

In 1953, MONY sold a $25,000 life insurance policy, with a double indemnity provision for accidental death, to Dr. Duncan while he was living in Houston, Texas. After his marriage in 1954, Dr. Duncan designated his wife, Jean, as the policy's beneficiary. After they moved to Texarkana, Texas, in 1959, Dr. Duncan purchased a $200,000 accidental death life insurance policy from Mutual of Omaha. He named Jean and their children as beneficiaries of that policy.

In 1975, Dr. Duncan divorced his wife, Jean. He married Barbara Duncan Ramsey, and in November 1975 they moved to Idabel, Oklahoma. While living in Oklahoma, Dr. Duncan amended the certificate of insurance to increase the face value of the Mutual of Omaha policy to $250,000 and to change the beneficiaries. Barbara Duncan Ramsey was named a 50% beneficiary and her daughter, a 25% beneficiary. Matthew Duncan, Dr. Duncan's son, was also named a 25% beneficiary.

On February 5, 1977, Dr. Duncan, while driving alone, crashed into a tree near Idabel, Oklahoma. He was later found unconscious in his car, which was demolished. He was rushed to an Idabel hospital and later transferred to Oklahoma City where he died on February 7, 1977. The preliminary report of the State Medical Examiner stated that Dr. Duncan's death was the result of traumatic injuries to the head, secondary to the automobile accident. The report was later amended to show Dr. Duncan died of spontaneous intracerebral hemorrhage resulting from natural causes. The insurance companies refused to pay under the policies, claiming that Dr. Duncan's death was caused by a spontaneous intracerebral hemorrhage caused by hypertensive cardiovascular disease and not by an "accident" as that term is defined in the two policies. The jury found that Dr. Duncan's death was accidental and awarded the beneficiaries the face value of the two policies. In addition, the district court, applying Texas law, awarded the plaintiffs a 12% statutory penalty, attorney's fees and prejudgment interest on both policies.

On appeal, Mutual of Omaha and MONY first allege the instructions given to the jury defining "accident" varied the terms of policy. Upon review of the totality of all instructions, we find no prejudicial error was committed by the trial court in defining "accident." The insurers also complain that the trial court gave an "Allen-type," coercive instruction after the jury had deliberated less than three hours. The instruction falls far short of an Allen-type instruction and fairly encouraged the jury to reach a verdict if in their individual capacity they could reasonably do so.

The question of the cause of Dr. Duncan's death was sharply disputed by the

* Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation.

parties and was the sole issue presented to the jury. Both sides put on substantial evidence to support their position including medical testimony of highly competent medical experts. The dispute created a question of fact for the jury and we find sufficient evidence in the record to support the verdict reached by the jury.

■ The insurers challenge the trial court's determination that under Arkansas' conflict of laws rules, Texas law, allowing plaintiffs an award of a 12% statutory penalty, attorney's fees and prejudgment interest, was controlling. Mutual of Omaha asserts the trial court should have applied either the law of Minnesota, where the group policy was issued, or the law of Oklahoma, Dr. Duncan's domicile at the time of the accident. MONY argues the trial court should have applied Oklahoma law. We give great weight to the interpretation of state law by a federal district judge of that state. We find no clear error under Arkansas law in the district court's ruling applying Texas law allowing the statutory penalty, attorney's fees and prejudgment interest.

The judgments are affirmed.