888 F.2d 59
 MODERN LEASING, INC. OF IOWA, an Iowa corporation, Appellee,
v.
FALCON MANUFACTURING OF CALIFORNIA, INC., a California
corporation, Appellant.
FALCON MANUFACTURING OF CALIFORNIA, INC., a California
corporation, Appellee,
v.
MODERN LEASING, INC. OF IOWA, an Iowa corporation, Appellant.
 Nos. 88-2156, 88-2241.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1989.
Decided Oct. 23, 1989.
 
 E. Thomas Barham, Jr., Los Alamitos, Cal., for Falcon.
 Donald G. Henry, Des Moines, Iowa, for Modern Leasing.
 Before JOHN R. GIBSON, BOWMAN, and WOLLMAN, Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 In a case tried by consent before a magistrate[1], Falcon Manufacturing of California, Inc. (Falcon) was found liable to Modern Leasing, Inc. of Iowa (Modern) for breach of contract on a four-year lease of vending machines. The court reduced the damages awarded to Modern from the amount prayed for on a mitigation theory. Falcon appeals, contending that (1) the court improperly chose Iowa law as the substantive law of the case, (2) the magistrate received inadmissible hearsay into evidence, and (3) the finding of apparent authority in Falcon's agent who signed the lease was based on insufficient evidence and clearly erroneous. Modern cross-appeals, arguing that the magistrate erroneously reduced its damages, since failure to mitigate damages was neither pleaded nor proved by Falcon. We affirm the judgment of the trial court insofar as it holds Falcon in material breach of its contract with Modern and remand the case for a proper calculation of damages and attorney fees.
 
 
 2
 Both parties question whether these appeals are properly before this Court. Modern, in its appellee's brief and cross appeal, reasserts its claim made by motion on October 12, 1988, that Falcon's appeal was not timely filed. By order of November 16, 1988, this Court denied that motion; the issue is res judicata.
 
 
 3
 Falcon, in its reply brief, asserts that Modern's cross appeal is deficient and should be dismissed. Falcon cites Federal Rules of Appellate Procedure 28(b) and 30. Falcon correctly observes that Modern's brief includes neither the order appealed from nor a statement of the issue on appeal, i.e., that the form of Modern's brief is that of an appellee's brief. We see, however, no merit in Falcon's position. Falcon has suffered no prejudice from the formal deficiencies in Modern's brief. Falcon's argument is excessively technical, goes to a matter that is not jurisdictional, and presents no grounds for dismissal of the cross-appeal. Similarly, Falcon's argument that the cross-appeal should be dismissed because of Modern's failure to comply with this Court's briefing schedule is without merit. Indeed, based on Falcon's extremely sketchy presentation of this argument, we cannot even be sure that its factual premises are correct.
 
 
 4
 Having concluded that these appeals are properly before us, we come to the merits of the case. John Alden, Falcon's plant manager, signed a lease with Modern. Modern was to provide Falcon with four vending machines for four years at a cost of $372 per month. When Falcon refused to make payments on the lease, claiming Alden had no authority to enter into a lease on behalf of Falcon, Modern filed suit in a state court in Iowa for breach of contract. Falcon removed the action to federal district court.[2] By stipulation, the parties agreed to try the case before a magistrate. In his opinion and order, the magistrate found that (1) Iowa law should apply, (2) Falcon had acted in such a way that Modern reasonably could believe John Alden had authority to sign a lease as Falcon's agent, and (3) the amount of damages should be only six and one-half months' worth of monthly installments ($2,418.00) because of Modern's failure to mitigate.
 
 
 5
 We deal initially with Falcon's appeal. Falcon argues that the court erred when it applied Iowa law to this case rather than California law. Falcon contends that under the California statute of frauds, the "equal dignity" doctrine would invalidate Alden's agent status without further discussion since the agency was not in writing.
 
 
 6
 The magistrate correctly recognized that a federal district court must apply the conflict of laws rules of the state in which it sits. Klaxon Co. v. Stentor Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). He found that, in dealing with choice of law problems, Iowa courts have not articulated the choice of law test for issues of agency. In tort and contract cases, however, Iowa courts have adopted the "most significant relationship" test. The magistrate found that this most likely would be the test applied by an Iowa court to a case raising an issue of agency. After reviewing the Restatement (Second) of Conflict of Laws for the elements of the test, and applying them to the facts of this case, the court ruled that Iowa law should apply.
 
 
 7
 We review that choice giving "great weight" to the lower court's interpretation of a state's choice of law rules. Williams v. State Farm Mut. Auto. Ins. Co., 737 F.2d 741, 743 (8th Cir.1984) (quoting Ramsey v. Mutual of Omaha, 652 F.2d 764, 766 (8th Cir.1981)), cert. denied, 469 U.S. 1159, 105 S.Ct. 910, 83 L.Ed.2d 923 (1985). We have reviewed the magistrate's opinion and order and find no error in his determination that Iowa law applies in this case. We therefore reject Falcon's argument.
 
 
 8
 Falcon also argues that the magistrate received inadmissible hearsay testimony, despite Falcon's continuing objections, and relied upon it in his findings of fact and conclusions of law. The testimony in question was that of a Modern account representative who testified to telephone conversations with trade and credit representatives that Alden had listed on the lease. Those conversations concerned Alden's position with Falcon and his history of making purchases for Falcon.
 
 
 9
 We conclude that the testimony referred to is not hearsay, as it was not "offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The issue in this case is apparent not actual authority. The statements were not offered to prove that Falcon had given Alden actual authority to sign the lease, nor even to prove that Alden had apparent authority, but simply to prove that Modern had made reasonable inquiry into the question of Alden's authority before accepting the lease in reliance on his signature. Accordingly, we find no error in the admission of this evidence.
 
 
 10
 Our review of the record also leads us to reject Falcon's argument that the magistrate's finding of apparent authority was clearly erroneous. The evidence showed that Alden was Falcon's plant manager and that he provided a numbered purchase order to accompany the lease. In view of this evidence, we cannot say that the magistrate's finding was clearly erroneous. Nor do we see any error in the magistrate's determination that Modern was justified in relying on Alden's apparent authority.
 
 
 11
 The preceding discussion disposes of the issues raised by Falcon in its appeal. Modern's cross-appeal contends that the district court's sua sponte application of the mitigation doctrine in this case was error. We agree.
 
 
 12
 The Federal Rules of Civil Procedure provide that a party must plead affirmative defenses. Fed.R.Civ.P. 8(c). Failure to mitigate damages is not among the affirmative defenses enumerated in the rule, but the Eighth Circuit has joined "the overwhelming majority of federal courts" in concluding that lack of mitigation is a Rule 8 affirmative defense. Sayre v. Musicland Group, Inc., 850 F.2d 350, 354 (8th Cir.1988). "[F]ailure to plead [lack of] mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case." Id.
 
 
 13
 Falcon did not raise the mitigation defense in its pleadings. In the magistrate's order of August 10, 1988, amending his original order so as to award attorney fees to Modern, the magistrate noted that he was unaware of the Sayre opinion when he wrote the original July 1 order in which he considered the mitigation defense in calculating damages. He acknowledged that Sayre would have precluded Falcon "from benefitting from plaintiff's failure to mitigate damages." Appendix Vol. I at 221 n. 1. That conclusion is inescapable, unless Falcon's original answer can be amended to include the affirmative defense. Falcon in fact filed a post-trial motion to amend to include that defense pursuant to Federal Rule of Civil Procedure 15(b), which motion was not ruled upon by the magistrate.[3] The amendment sought by Falcon in its post-trial motion would have been proper only if mitigation of damages had been "tried by express or implied consent of the parties." Fed.R.Civ.P. 15(b). "Consent may be implied when evidence relevant to an unpleaded issue has been introduced at trial without objection." Saint Joe Minerals Corp. v. Occupational Safety and Health Review Comm'n, 647 F.2d 840, 844 (8th Cir.1981). The record in this case, however, is devoid of evidence bearing on the unpleaded affirmative defense. There is nothing in the trial transcript that comes even close to raising the mitigation issue, and we reject as baseless Falcon's suggestion that the issue was raised by certain of Modern's responses to interrogatories and requests for admission. Indeed, the materials to which Falcon directs our attention appear to support a "lost volume" theory of damages. See, e.g., E. A. Farnsworth, Contracts Sec. 12.12, at 866-67 (1982). Such a theory is of course entirely consistent with Modern's claim for full payment of the contract price. Having access to as many machines as it could place, Modern did not seek return of the machines leased to Falcon in order to place them elsewhere. In any event, the record contains nothing to put Modern on notice that the defense of failure to mitigate damages was present in the case. Thus Falcon's post-trial motion to amend its answer was not well-founded and the trial court erred in reducing Modern's damages as though the mitigation defense had been pleaded and tried to a conclusion favorable to Falcon.
 
 
 14
 To sum up, we affirm the judgment in Modern's favor on the breach of contract issue. Because the trial court erred in reducing Modern's damages on a failure-to-mitigate theory (since the mitigation issue neither was pleaded nor tried), we vacate the damage and attorney fee awards and remand the case to the trial court for an award of damages and attorney fees[4] to Modern in an amount consistent with this opinion. Falcon shall pay Modern's costs and attorney fees with respect to these appeals. Modern should file its bill of costs and request for attorney fees with the Clerk of this Court.
 
 
 
 [1]
 The Honorable R.E. Longstaff, United States Magistrate for the Southern District of Iowa
 
 
 [2]
 The amount in controversy for a diversity action in federal court must exceed $50,000. Pub.L. No. 100-702, Tit. II, Sec. 201, 102 Stat. 4646 (1988). In the present case, Falcon's total obligation under the contract with Modern appears to amount to less than $18,000. At the time this action was removed, however, the amount in controversy was required to exceed only $10,000. 28 U.S.C. Sec. 1332 (1982)
 
 
 [3]
 In his opinion and order of July 1, the magistrate noted, "In light of the Court's finding [that Modern's failure to mitigate should reduce its damages], there is no need to address defendant's belated motion to amend its answer to include the defense of failure to mitigate." Appendix Vol. I at 198 n. 2
 
 
 [4]
 The award of attorney fees is authorized by paragraph 29 of the lease agreement as well as by Iowa Code Sec. 625.22 (1989). In ruling on Modern's request for attorney fees, the magistrate found the rate and number of hours reasonable but reduced the amount of fees awarded because Modern was only "partially" successful in its cause of action. Appendix Vol. I at 220-21. Since our decision will result in Modern receiving its full damages for Falcon's breach of contract, the award of attorney fees must be increased commensurately