391 So.2d 53 (1980)
Bobby L. CROWLEY, Plaintiff-Appellee,
v.
HERMITAGE HEALTH AND LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 7904.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
*54 Gravel, Robertson & Brady, James J. Brady, Alexandria, for defendant-appellant.
Monty L. Doggert, Natchitoches, for plaintiff-appellee.
Before FORET, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Bobby L. Crowley sued Hermitage Health and Accident Insurance Company[1] as third party beneficiary of an accident policy issued by Hermitage to Crowley's employer, Cecil E. Boswell. The trial court granted Crowley a default judgment. Hermitage appeals. We reverse. We hold that Crowley is not a third party beneficiary of the insurance agreement between Hermitage and Boswell. Thus, he can assert no rights under it.
Cecil Boswell hired Bobby L. Crowley as a truck driver for his trucking business. On December 28, 1978, Crowley was instructed to haul cross ties owned by Roy O. Martin Lumber Company, Inc. On that day, while preparing to unload the cross ties from the truck, approximately five of them fell on Crowley, crushing his left leg and foot. It later became necessary to amputate Crowley's left leg between the knee and ankle.
As a result of this work-related accident, Crowley instituted two suits. In one, Crowley sued Cecil Boswell and Roy O. Martin Lumber Company, Inc., seeking payment of workmen's compensation benefits.[2] In that suit, the trial court determined that Cecil Boswell was Crowley's immediate employer and that Roy O. Martin Lumber Company, Inc., was his statutory employer. Therefore, both were liable in solido for Crowley's workmen's compensation benefits. The court also awarded penalties and attorney's fees in that suit.
In a separate suit, here on appeal, Crowley sued Hermitage as third party beneficiary of an accident and health policy it issued to his employer Boswell. When Hermitage failed to answer timely, Crowley obtained a default judgment. Hermitage appeals this default judgment on several grounds.
In its brief to this Court, Hermitage urges as one assignment of error that "Crowley has no claim for benefits and has no standing to bring an action against Hermitage." Before we address this issue, we first determine whether it is properly raised on appeal. Characterizing Hermitage's contentions against Crowley as no cause or no *55 right of action to institute suit, we hold these contentions are properly raised on appeal as peremptory exceptions. See LSA-C.C.P. Art. 927 and Art. 2163.
We now proceed to decide whether Crowley is entitled to sue for benefits under the accident and health policy between Hermitage and Boswell. Crowley's ability to sue under the policy hinges upon whether or not the insurance agreement contains a stipulation pour autrui in his favor.
At the outset we note that Boswell is a self-insured employer, thus exposing him to workmen's compensation liability for work-related injuries suffered by his employees. Aware of this liability exposure, Boswell executed an insurance agreement with Hermitage. By the agreement, Boswell obligated himself to pay premiums in return for Hermitage's promise to pay benefits to Boswell. The parties agreed that the triggering device for payment of benefits would be the occurrence of a work-related injury suffered by a Boswell employee. We think it apparent that this policy was designed specifically to provide indemnification protection to the employer, Boswell, and that it in no way attempts to establish indemnification protection for employees of Boswell. This is borne out by the very terms of the agreement specifically providing that all benefits are payable to Boswell or to persons rendering services to Boswell's employees.[3]
The general rule is that parties to a contract may stipulate only for themselves.[4] As a result, a third person not a party to a contract lacks the relationship necessary to sue for recovery of any of the contractual benefits. Nevertheless, there is an exception recognizing that contracting parties may agree between themselves that a third person not a party to their contract may derive benefit from it.[5] This is the stipulation pour autrui and it allows the third party, for whose benefit the advantage is stipulated, an action to enforce the stipulation. The requirements of a stipulation pour autrui are that it be in writing and that it clearly express the intent to benefit another. See LSA-C.C. Art. 1890 and Art. 1902. With respect to this second requirement of clear intent by the parties to benefit one not a party, Professor J. Denson Smith, in his law review article on third party beneficiaries, warned:
"But it is also true that not every promise, the performance of which may be advantageous to a third person, will create in him an actionable right. The problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties."[6]
With these criteria in mind, we now proceed to decide whether Boswell and Hermitage, through their agreement, sought to stipulate an advantage in Crowley's favor allowing him to sue under the policy as a third party beneficiary or whether the advantage Crowley relies upon is instead merely an incident of the contract between Boswell and Hermitage making it one under which Crowley lacks any actionable right to sue upon.
Applying the above criteria, we conclude that the advantage Crowley relies upon is merely an incident of the agreement between Boswell and Hermitage and more importantly, that the agreement fails to *56 show that Boswell and Hermitage clearly intended to stipulate an advantage in Crowley's favor. Hence, Crowley is without an actionable right to sue under the policy.
Our finding of no actionable right under the policy pretermits the necessity of our ruling on the other issues raised on appeal.
For these reasons, the judgment of the trial court in favor of plaintiff is reversed and judgment is hereby entered in favor of Hermitage Health and Life Insurance Company dismissing plaintiff's suit. Costs of this appeal are assessed against plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] Crowley later discovered that "Hermitage Health and Accident Insurance Company" was instead "Hermitage Health and Life Insurance Company".
[2] This was suit Number 45,993 entitled Bobby L. Crowley versus Roy O. Martin Lumber Company, Inc., et al., filed and tried in the Tenth Judicial District Court, Natchitoches Parish, Louisiana.
[3] Part 5, Section (h) of the insurance agreement provides:

"All benefits for loss of life shall be payable to the Employer. All other benefits, at the option of the Company, are payable either to the Employer or to the hospital or persons rendering such services; or jointly to both the Employer and to the hospital or persons rendering services."
[4] La.Civ.Code Art. 1889 provides:

"No one can, by a contract in his own name, bind anyone but himself or his representatives;..."
[5] La.Civ.Code Art. 1890 provides:

"A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; ..."
[6] Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 28 (1935).