424 So.2d 1279 (1982)
Eula Mae LOGAN, et al., Plaintiffs-Appellants,
v.
Dan HOLLIER, et al., Defendants-Appellees.
No. 82-329.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*1280 Ortiz & Barriffe, Eugene Barriffe, Jr., New Orleans, for plaintiffs-appellants.
Sanders, Downing, Kean & Cazedessus, Charles S. McCowan, Jr. and Pamela C. Walker, Baton Rouge; Onebane & Associates, James L. Pate, Lafayette, for defendants-appellees.
Before CULPEPPER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The trial judge found that no direct action exists against an interlocal risk management agency and, accordingly, dismissed plaintiffs' claim against defendant Louisiana Municipal Risk Management Agency. Plaintiff appeals. We affirm.
The plaintiff, Eula Mae Logan, filed suit in her capacity as administratrix of the estate of her minor grandchildren for damages resulting from the death of her daughter, Glenda Jean-Lewis, the mother of five minors. Named defendants were two police officers of the City of Breaux Bridge, the City of Breaux Bridge, the Breaux Bridge Police Department and an unknown insurer. The petition was amended to name as defendants members of the Breaux Bridge City Council and the Chief of Police of the Breaux Bridge Police Department. The petition was amended a second time, with leave of court, to add as defendant the Louisiana Municipal Risk Agency, an association formed pursuant to LSA-R.S. 33:1341 et seq. for the development and administration of an interlocal risk management and group self insurance funds, which insures the City of Breaux Bridge. Louisiana Municipal Risk Management Agency, hereinafter referred to as LMRMA, filed an exception of no right or cause of action on the grounds that it was not an insurer, therefore no direct action existed against it under LSA-R.S. 22:655. The exception was sustained and judgment was rendered dismissing the plaintiff's claim against LMRMA. From that judgment plaintiff perfected the present appeal.
*1281 Issues presented on appeal are: 1) Whether defendant LMRMA is subject to direct action as an insurer; 2) Alternatively, is the plaintiff a third party beneficiary of the contract between defendant LMRMA and the City of Breaux Bridge; and 3) Whether a statutory scheme which purports to prevent a right of direct action against interlocal risk management agencies is discriminatory and a denial of equal protection.
As stated by appellant, LMRMA is a de facto insurer functioning, in all respects, as an insurance company with the sole exception, perhaps, of the profit factor. The organization is established pursuant to LSA-R.S. 33:1341 which was enacted with the intended purpose of affording financial relief to the participating political subdivisions by allowing them to pool their resources to form a trust fund under which municipalities could be self insured while still providing the protection theretofore maintained.
Sub-part B of the Intergovernmental Functions portion of Local Government provisions contained in Title 33, entitled Joint Self-Insurance Programs by Local Governmental Subdivision, contains the following section which was the basis for dismissal of plaintiff's claim against LMRMA:
§ 1345. Interlocal risk management agency not an Insurance company or Insurer
An interlocal risk management agency is not an insurance company or an insurer under the laws of this state and the development and administration by such agency of one or more group self insurance funds shall not constitute doing an insurance business. Intergovernmental agreements providing for the creation and maintenance of an interlocal risk management agency shall not be deemed to constitute insurance as defined by R.S. 22:5, nor shall the interlocal risk management agency or the development of a group self insurance fund be subject to the provisions of Title 22, Chapter 1, of the Louisiana Revised Statutes of 1950.
Added by Acts 1979, No. 462, § 1.
By its clear and unequivocal terms, an interlocal risk management agency is not an insurance company nor will its actions constitute doing an insurance business. Equally clear is that such an interlocal risk management agency is not subject to the provisions of Title 22, Chapter 1 of the Louisiana Revised Statutes. The direct action statute, R.S. 22:655, is one of the provisions of Chapter 1 of Title 22. Nevertheless, appellant contends that the Legislature only intended to remove the risk management agencies from the "regulatory aspects" of Title 22 and did not intend to preclude direct actions. However, had the Legislature intended such a limited qualification, it could have easily done so. When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. LSA-C.C. Art. 13; Gill Trailer & Equipment Rentals, Inc. v. S. D'Antoni, Inc., 282 So.2d 714 (La.1973). We find nothing in the statutes indicating any contrary interpretation. Without enabling legislation, the right to direct action does not exist. Vincent v. Penrod Drilling Co., 372 So.2d 807 (La.App. 3rd Cir.1979). R.S. 33:1345's meaning is entirely free from ambiguity: No direct action is available under the circumstances presented.
With regard to appellant's contention that the contract between LMRMA and the City of Breaux Bridge is a stipulation pour autrui, the requisites to such a claim were set forth in Crowley v. Hermitage Health and Life Ins. Co., 391 So.2d 53 (La.App. 3rd Cir.1980), wherein an employee sued an insurance company as third-party beneficiary of an accident policy issued by defendant to the self-insured employer. This court in Crowley stated:
"The general rule is that parties to a contract may stipulate only for themselves.4 As a result, a third person not a party to a contract lacks the relationship necessary to sue for recovery of any of the contractual benefits. Nevertheless, there is an exception recognizing that contracting parties may agree between themselves that a third person not a party *1282 to their contract may derive benefit from it.5 This is the stipulation pour autrui and it allows the third party, for whose benefit the advantage is stipulated, an action to enforce the stipulation. The requirements of a stipulation pour autrui are that it be in writing and that it clearly express the intent to benefit another. See LSA-C.C. Art. 1890 and Art. 1902. With respect to this second requirement of clear intent by the parties to benefit one not a party, Professor J. Denson Smith, in his law review article on third party beneficiaries, warned:
"But it is also true that not every promise, the performance of which may be advantageous to a third person, will create in him an actionable right. The problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties." 6 (footnotes omitted)
See: Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 TUL.L.REV. 18 (1936).
In support of her position plaintiff calls our attention to the policy language which provides that when "the amount of ultimate net loss becomes certain, the company will, upon request of the insured, make such payment to claimant on behalf of the insured." (emphasis added). Although the requirement of writing is clearly present, we find no provision in the contract which either evidences an intent to create a stipulation pour autrui or obliges the defendant to make payments to plaintiff. Rather, the policy contemplates determination of liquidated damages and subsequent request by the insured for indemnity as a condition precedent to recovery by plaintiff. We consider the contract to be for the benefit of the city and any benefit ultimately received by plaintiff is a mere incident of the obligation owed the City.
Related hereto is Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971), holding that neither contract of reinsurance nor the direct action state conferred rights in third party against the reinsurer; and Allen and Currey Manufacturing Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980 (1905), reaching a like result under analagous circumstances.
Finally, appellant makes the ipse dixit claim that the statutory scheme is discriminatory and violative of due process. However, inasmuch as appellant cites no authority in support of her proposition, we need not address this issue. We pretermit, without holding, that a rational basis exists for the classifications imposed by the legislative scheme whereby direct action is not available against interlocal risk management agencies.
For the reasons assigned, the judgment of the trial court dismissing the claim of plaintiff against Louisiana Municipal Risk Management Agency is affirmed at appellant's cost.
AFFIRMED.