699 F.2d 758
 Eula Mae LOGAN, as Administratrix of the succession of
Glenda Jean-Lewis, and as Administratrix of the estate of
her minor grandchildren, Joseph Anthony Edmond, Cantella
Faye Edmond, Kelly Rene Jean-Lewis, Latasha Trinese
Jean-Lewis and Daniel James Jean-Lewis, Plaintiff-Appellant,
v.
Dan HOLLIER, et al., Defendants,
Louisiana Municipal Risk Management Agency, Defendant-Appellee.
 No. 82-3288
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 7, 1983.
 
 Ortiz & Barriffe, Eugene Barriffe, Jr., Mary Anne Mumme, New Orleans, La., for plaintiff-appellant.
 Sanders, Downing, Kean & Cazedessus, Charles S. McCowan, Jr., Pamela C. Walker, Baton Rouge, La., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant sued the City of Breaux Bridge, its police department and other defendants under 42 U.S.C. Sec. 1983. Appellant, in her suit joined the Louisiana Municipal Risk Management Agency ("LMRMA"). The district court dismissed the LMRMA and entered judgment pursuant to Fed.R.Civ.P. 54(b). Plaintiff appeals this dismissal and we affirm.
 
 
 2
 Appellant raises two arguments on appeal. She first argues that the LMRMA is a de facto insurer, and can therefore be sued under Louisiana's direct action statute. La.Rev.Stat.Ann. Sec. 22:655 (West 1978). This argument is, however, refuted by the express terms of the act creating the LMRMA. The LMRMA was formed to allow local municipalities to pool their resources and form a self-insurance program. See La.Rev.Stat.Ann. Sec. 33:1341 et seq. (West Supp.1982). The legislature dealt expressly with the question of the LMRMA's status as an insurer in Sec. 1345:
 
 
 3
 An interlocal risk management agency is not an insurance company or an insurer under the laws of this state and the development and administration by such agency of one or more group self insurance funds shall not constitute doing an insurance business. Intergovernmental agreements providing for the creation and maintenance of an interlocal risk management agency shall not be deemed to constitute insurance as defined by R.S. 22:5, nor shall the interlocal risk management agency or the development of a group self insurance fund be subject to the provisions of Title 22, Chapter I, of the Louisiana Revised Statutes of 1950.
 
 
 4
 Thus, the LMRMA is not an insurer and cannot be sued under La.Rev.Stat.Ann. Sec. 22:655.
 
 
 5
 Appellant's second argument is that it is a third party beneficiary of the contract between the City of Breaux Bridge and the LMRMA. Under Louisiana law, the "stipulation pour autrui" must be in writing and clearly express an intent to benefit the third party. Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572, 579 (1971). In addition, the third party relationship must form "the consideration for a condition of the contract; the benefit derived from the contract by the third party may not merely be incidental to the contract ...." H.M.C. Management Corp. v. New Orleans Basketball Club, 375 So.2d 700, 708 (La.App.1979); Crowley v. Hermitage Health & Life Ins. Co., 391 So.2d 53 (La.App.1980).
 
 
 6
 Appellant relies on the following language within the contract referring to claimants:
 
 
 7
 [h]owever, in the event that the amount of ultimate net loss becomes certain either through trial court judgement [sic ] or agreement among the insured, the claimant and the "Company," then the insured may pay the amount of ultimate net loss to the claimant to effect settlement and, upon submission of due proof thereof, the "Company" shall indemnify the insured for that part of such payment which is in excess of the retained limit, or, the "Company" will, upon request of the insured, make such payment to the claimant on behalf of the insured.
 
 
 8
 The language relied upon by appellant merely deals with the mechanics of the payment of claims. Indeed, the LMRMA does not pay the claimant until a "request of the insured." We also note that the party benefitting the most from the language above is not the claimant, who gets paid by either party, but the insured who can, by requesting the LMRMA to pay, avoid draining its own resources while awaiting reimbursement from the LMRMA.
 
 
 9
 Nor does the legislation creating the LMRMA indicate that it was intended to benefit claimants. Indeed, the sparse legislative history of the bill indicates that it was intended for the benefit of the municipalities, by allowing them to reduce their insurance costs. See Minutes of House Committee on Municipal & Parochial Affairs, May 16, 1979 (Bill # 891).
 
 
 10
 The lower court's dismissal as to the LMRMA is AFFIRMED.[1]
 
 
 
 [1]
 Appellant argues that the denial of a direct action suit against the LMRMA violates the equal protection clause. This contention lacks merit. The law does not require local governments to carry insurance. However, if they choose to do so, Louisiana law gives municipalities the option of pooling in the LMRMA, self-insuring, or taking out a liability policy with an insurer. These options have a rational basis, see Woods v. Holy Cross Hospital, 591 F.2d 1164, 1172-74 (5th Cir.1979) and do not violate the equal protection clause