598 So.2d 686 (1992)
Garland SENEGAL, Plaintiff-Appellant,
v.
Byron D. FAUL, et al., Defendants-Appellees.
No. 90-1060.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*687 Pucheu & Pucheu (Jacque Pucheu), Eunice, for plaintiff/appellant.
Sandoz, Sandoz & Schiff, Anne E. Watson, Robert Voitier, Jr., Opelousas, for Faul and Safeway.
Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Bradley C. Myers, Baton Rouge, for Risk Agency & Risk Management.
Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Steven J. Bienvenu, Opelousas, for Lloyds.
Preis, Kraft & Daigle, Laura K. Austin, Lafayette, for intervenor/City of Eunice.
Before DOUCET and KNOLL, JJ., and JOSEPH E. COREIL[*], J. Pro Tem.
DOUCET, Judge.
This is an appeal from a trial court judgment dismissing the plaintiff's action against the Louisiana Municipal Risk Management Agency (LMRMA) and the Louisiana Municipal Reserve Fund Agency, Inc. (LMRFA), and disallowing the stacking of uninsured motorist policies.
On May 1, 1986, the City of Eunice (City) along with other municipalities, entered a "Reinsuring Agreement" with LMRMA. LMRMA is a risk management agency formed in accordance with the provisions of La.R.S. 33:1349, et seq.
On October 3, 1986, Garland Senegal was employed by the City as a police officer. While in the course and scope of his employment and while driving a City police car, Senegal was involved in an accident with an automobile driven by Byron Faul. As a result of the accident, Senegal sued Faul and his liability insurer, Safeway Insurance Co.; his own uninsured motorist carrier, Trinity Universal, and Insured Lloyds, the uninsured motorist carrier for his daughter, who lived with him. He further named as a defendant, LMRMA as uninsured motorist carrier for the City, and LMRFA as excess carrier for the City. LMRFA filed a motion for summary judgment. LMRFA filed an exception of no right of action. Plaintiff settled his claim against his own UM carrier, Trinity, prior to trial. A trial was held on January 12, 1989. On November 6, 1989, the trial judge rendered a judgment which he signed on April 27, 1990, in favor of Senegal and against Faul and Safeway in the amount of $184,005.00. He further rendered judgment dismissing Senegal's demands against Insured Lloyds, LMRMA and LMRFA.
The trial judge rendered three separate sets of written reasons for judgment with regard to different aspects of the case. First, the judge found Faul to be totally responsible in causing the accident and explained the basis for his damage award. With regard to the summary judgment filed by LMRMA, he found that LMRMA is not subject to Title 22 and as a result need not comply with La.R.S. 22:1406, the uninsured motorist statute. The trial court in separate reasons for judgment found that the plaintiff had not met the requirements *688 which would allow him to stack his own UM policy with that of his daughter. The plaintiff appeals the trial court's dismissal of LMRMA and Insured Lloyds.

UNINSURED MOTORIST COVERAGE THROUGH LMRMA
The plaintiff states that since La.R.S. 33:1305 does not mention a specific exemption for uninsured motorist coverage, La. R.S. 22:1406 is applicable to agencies created under its authority. In Logan v. Hollier, 424 So.2d 1279, 1281 (La.App. 3rd Cir.1982) this court explained the provisions of Title 33 as follows:
Sub-part B of the Intergovernmental Functions portion of Local Government provisions contained in Title 33, entitled Joint Self-Insurance Programs by Local Governmental Subdivision, contains the following section which was the basis for dismissal of plaintiff's claim against LMRMA:
§ 1345. Interlocal risk management agency not an Insurance company or Insurer
An interlocal risk management agency is not an insurance company or an insurer under the laws of this state and the development and administration by such agency of one or more group self insurance funds shall not constitute doing an insurance business. Intergovernmental agreements providing for the creation and maintenance of an interlocal risk management agency shall not be deemed to constitute insurance as defined by R.S. 22:5, nor shall the interlocal risk management agency or the development of a group self insurance fund be subject to the provisions of Title 22, Chapter 1, of the Louisiana Revised Statutes of 1950.
Added by Acts 1979, No. 462, § 1.
By its clear and unequivocal terms, an interlocal risk management agency is not an insurance company nor will its actions constitute doing an insurance business. Equally clear is that such an interlocal risk management agency is not subject to the provisions of Title 22, Chapter 1 of the Louisiana Revised Statutes.
The uninsured motorist statute La. R.S. 22:1406 relied upon by the defendant, is one of the provisions of Chapter 1, Title 22. Had the legislature intended to subject interlocal risk management agencies to the provisions of La.R.S. 22:1406, it could easily have done so. The law is clear and unambiguous. We find nothing in the statute indicating any contrary interpretation.
La.R.S. 33:1345 is clear. Interlocal risk management agencies are not subject to the provisions of La.R.S. 22:1406(D). Accordingly, the trial court correctly dismissed plaintiff's claims on this point.

STACKING
Plaintiff next argues that the trial court erred in holding that he could not recover under his daughter's UM policy with Insured Lloyds after having recovered under his own UM policy with Trinity.
Recovery under more than one UM policy or "stacking" of UM coverage is allowed, by Louisiana law under only very narrowly defined circumstances. The stacking of UM coverage is governed by La.R.S. 22:1406(D)(1)(c)[1]:
(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance... then such limits shall not be increased because of multiple motor vehicles covered under said policy ... and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
ii. With respect to bodily injury to an injured party while occupying an automobile not owned by said injured *689 party, resident spouse, or resident relative. The following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant was primary;
(bb) Should the primary coverage be exhausted due to the extent of damages, the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
The Louisiana Supreme Court in Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216, 218 (La. 1981), the court explained this provision as follows:
[W]hile the first paragraph of the statute provides the general rule that an insured with insurance available to him under more than one U/M policy may not stack those policies, the second paragraph allows for an exception when: (1) the injured party is occupying an automobile not owned by him; (2) the U/M coverage on the vehicle in which the injured party was an occupant is primary; and (3) should that primary U/M coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other U/M coverage available to him. In Courville, plaintiff fell within the exception; therefore, he was allowed to stack the U/M coverages of both policies.
In La. Farm Bureau Mut. Ins. Co. v. Pinder, 428 So.2d 527 (La.App. 3rd Cir. 1983), this court held that where no primary coverage existed on the vehicle occupied by the insured party, the claimant would not come under the exception to the stacking prohibition.
Since there was no primary UM coverage on the vehicle occupied by Senegal, he may not recover under multiple UM policies. We find no error in the trial court's determination that there was no UM coverage on the City vehicle and that the plaintiff may not stack UM coverages. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Senegal.
AFFIRMED.
NOTES
[*] Honorable Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] This provision has been amended since the trial of this matter. The substance of the law remains the same.