725 So.2d 606 (1998)
Randall S. BASCO
v.
DORTHY R. RACINE TRUCKING, INCORPORATED, International Indemnity, David J. Levron and ABC Insurance Company.
No. 97CA2740.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*607 Richard A. Breaux, Jason Lyons, Houma, for PlaintiffAppellant.
Joseph J. Weigand, Jr., Houma, for DefendantAppellee Sheriff Jerry Larpenter.
Before: LeBLANC, FOGG, and PARRO, JJ.
FOGG, J.
The salient issue raised on appeal in this personal injury action is whether the trial court erred in concluding that a self-insurance fund agreement issued by the Louisiana Sheriff's Automobile Risk Program (LaSHARP) was not subject to the provisions of the Louisiana Insurance Code, LSA-R.S. 22:1, et seq.
This case concerns an automobile accident that occurred on August 12, 1994, on U.S. Highway 90 in Lafourche Parish. The Terrebonne Parish Sheriff's Office (TPSO) employed plaintiff, Randall S. Basco, as a deputy sheriff and assigned him to work under the control of the United States Customs Service.[1] On the date of the accident, plaintiff was a guest passenger in a vehicle owned by U.S. Customs and driven by a customs agent. As the customs vehicle attempted to pass an 18-wheeler, the 18-wheeler "blew out" a tire, causing portions of the tread and fender to fly off and strike the customs vehicle.
Plaintiff allegedly suffered serious injuries as a result of the accident. He brought this suit against several parties, including the owner of the 18-wheeler, Dorothy R. Racine Trucking, Incorporated; the alleged insurers of the trucking company, International Indemnity Company and Republic Vanguard Insurance Company;[2] the driver of the 18-wheeler, David J. Levron; the alleged insurer of Levron, ABC Insurance Company; the alleged manufacturer of the tire, Goodyear Tire and Rubber Company; his employer, Jerry J. Larpenter, Sheriff of Terrebonne Parish;[3] and the excess insurer of the TPSO, Alliance General Insurance Company.
Relative to plaintiff's claims against Sheriff Larpenter, the petition, as amended, alleged a self-insurance fund agreement (hereinafter, the fund agreement) issued by LaSHARP in favor of the TPSO afforded uninsured/underinsured motorist (UM) coverage for plaintiff. The petition, as amended, further alleged a UM rejection form executed by Sheriff Larpenter in connection with the fund agreement was invalid.
Subsequently, both parties filed motions for summary judgment on the issue of UM coverage. Plaintiff's memoranda in support of this motion for summary judgment asserted (1) the fund agreement was subject to the Insurance Code; (2) the UM rejection form did not comply with the UM statute, LSA-R.S. 22:1406(D); (3) the customs vehicle, although not owned by the TPSO, was a "covered auto" within the meaning of the fund agreement; and (4) plaintiff was an "insured" for purposes of UM coverage. Sheriff Larpenter's motion asserted, in part, that the fund agreement was not subject to the Insurance Code; thus, the UM rejection form was not required to comply with LSA-R.S. 22:1406(D)(1)(a)(i).
Following a hearing on the cross-motions for summary judgment, the trial court, for *608 written reasons assigned, granted Sheriff Larpenter's motion, which resulted in the dismissal of plaintiff's claims against him, and denied plaintiff's motion. Plaintiff now appeals.
At the outset, we note that the judgment from which plaintiff appeals is only a partial summary judgment as it disposes of less than all of the parties; thus, it is not considered as a final judgment for the purposes of an immediate appeal because it was not designated as such in accordance with the terms of LSA-C.C.P. art. 1915 (as amended by La. Acts 1997, No. 483, § 2, effective July 1, 1997). However, under the facts of this case and because the record is before us, we reason that judicial efficiency and the interests of justice may best be served by asserting our plenary power to exercise supervisory jurisdiction at this time. See Succession of Brantley, 96-1307 (La. App. 1 Cir. 6/20/97); 697 So.2d 16. Therefore, we convert plaintiff's motion for appeal to an application for supervisory relief.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322 (La. App. 1 Cir. 5/20/94); 640 So.2d 616. It is well settled that the granting of summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Penton v. Clarkson, 93-0657 (La.App. 1 Cir. 3/11/94); 633 So.2d 918.
LaSHARP is an interlocal risk management agency formed in accordance with LSA-R.S. 33:1481, et seq. LaSHARP is utilized by sheriffs of the State of Louisiana to provide a group self-insurance fund for automobile liability claims. Title 33, Chapter 2, Part VII, Subpart B, entitled Joint Self-Insurance Programs by Local Governmental Subdivisions, contains the following section which was a basis for dismissal of plaintiff's claims against Sheriff Larpenter:
§ 1345. Interlocal risk management agency not an insurance company or insurer
An interlocal risk management agency is not an insurance company or an insurer under the laws of this state and the development and administration by such agency of one or more group self insurance funds shall not constitute doing an insurance business. Intergovernmental agreements providing for the creation and maintenance of an interlocal risk management agency shall not be deemed to constitute insurance as defined by R.S. 22:5, nor shall the interlocal risk management agency or the development of a group self insurance fund be subject to the provisions of Title 22, Chapter I, of the Louisiana Revised Statutes of 1950.
See LSA-R.S. 33:1483 (relating specifically to interlocal risk management agencies created by the sheriffs of the State of Louisiana, which models the language of the above provision).
In the instant case, it is undisputed that the TPSO was insured by LaSHARP pursuant to the fund agreement. It also is undisputed that Sheriff Larpenter rejected UM coverage under the fund agreement. Therefore, we must determine whether the fund agreement and the UM rejection form executed in connection therewith were required to comply with the Louisiana Insurance Code, particularly LSA-R.S. 22:1406(D)(1)(a)(i).
As the trial court correctly observed, this issue was previously addressed by the Third Circuit in Senegal v. Faul, 598 So.2d 686 (La.App. 3 Cir.), writ denied, 604 So.2d 965 (La.1992). In that case, the court determined that interlocal risk management agencies were not required to comply with the *609 UM rejection requirements set forth in LSA-R.S. 22:1406, for the following reasons:
The uninsured motorist statute La.R.S. 22:1406 relied upon by the defendant, is one of the provisions of Chapter 1, Title 22. Had the legislature intended to subject interlocal risk management agencies to the provisions of La.R.S. 22:1406, it could easily have done so. The law is clear and unambiguous. We find nothing in the statute indicating any contrary interpretation.
La.R.S. 33:1345 is clear. Interlocal risk management agencies are not subject to the provisions of La.R.S. 22:1406(D).
Senegal, 598 So.2d at 688.
Nevertheless, plaintiff contends that the Louisiana Legislature intended LSA-R.S. 33:1345 to govern only the interlocal risk management agency and the intergovernmental agreement which forms and establishes the agency. He asserts that LSA-R.S. 33:1345 was not intended to provide that the actual "insuring agreement" would be precluded from compliance with the Insurance Code. After careful consideration, we reject plaintiff's argument. The law clearly establishes that LaSHARP, as an interlocal risk management agency, is not subject to the Insurance Code. See Logan v. Hollier, 424 So.2d 1279 (La.App. 3 Cir.1982). Therefore, it follows that the fund agreement issued by LaSHARP also is not subject to the Insurance Code.
Considering the above, we conclude the rejection form executed by Sheriff Larpenter in connection with the fund agreement was not subject to the Louisiana Insurance Code; consequently, it was not required to comply with the requirements of LSA-R.S. 22:1406(D)(1)(a)(i). Therefore, no genuine issues of material fact remain regarding the lack of UM coverage in this case, and the trial court properly granted Sheriff Larpenter's motion for summary judgment and denied plaintiff's motion for summary judgment.
Alternatively, plaintiff alleges LSA-R.S. 33:1345 and 1483 are unconstitutional in that these statutes "partially resurrect sovereign immunity in favor of a governmental agency" in violation of La. Const. Art. XII, § 10(A). The prerequisites for raising the issue of the unconstitutionality of a statute are set forth in Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94); 646 So.2d 859. Therein, the Louisiana Supreme Court stated that the constitutionality of a statute must first be questioned in the trial court, the issue must be specifically pled to be considered by the trial court, and the attorney general must be served with a copy of the pleading in which the constitutionality of a state statute is contested. As the Vallo case explained:
[T]he long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.
Vallo, 94-1238, p. 8; 646 So.2d at 864-865 (citations and footnotes omitted).
Plaintiff first raised the issue of the unconstitutionality of LSA-R.S. 33:1345 and 1483 in his memorandum in opposition to Sheriff Larpenter's, and in support of his own, motion for summary judgment; thus, the issue was not specifically pled. Moreover, the attorney general was not served with a copy of the pleading challenging the constitutionality of the statutes, and the issue was not argued before the trial court. See Brown v. Risk Exchange, Inc., 95-2199 (La. App. 1 Cir. 5/10/96); 674 So.2d 484, writ denied, 96-1501 (La.9/20/96); 679 So.2d 442 (requiring that a contradictory hearing be held at the trial level on a constitutional claim).
Applying the legal precepts set forth in Vallo, we conclude that the issue of the unconstitutionality of LSA-R.S. 33:1345 and *610 1483 was not properly raised in the trial court. Accordingly, the issue is not in a proper posture for consideration by this court. See Allen v. Carollo, 95-1840 (La. App. 1 Cir. 4/4/96); 674 So.2d 283.
For the foregoing reasons, considering the motion for appeal as an application for this court to exercise its supervisory jurisdiction, the writ application is denied.

APPEAL DISMISSED; WRIT DENIED.
PARRO, J., concurs.
NOTES
[1] Plaintiff's salary was paid by the TPSO, and the TPSO was reimbursed by U.S. Customs.
[2] The insurance companies subsequently were dismissed from the suit by summary judgments rendered without opposition from plaintiff.
[3] Plaintiff sued Sheriff Larpenter individually, but claimed later to have sued the sheriff as agent for the TPSO and LaSHARP.