J^FOIL, J.
This appeal contests a judgment entered against a self-insurance fund finding an invalid waiver of uninsured motorist benefits under Louisiana law and entitling two sheriffs deputies who were injured in the course and scope of their employment to recover up to the limits of the liability coverage afforded by the self-insurance fund. Finding that the fund agreement specifically excludes coverage for injuries sustained by the claimants, we reverse.
BACKGROUND
On March 17, 1993, Joseph Tantillo and Donald Carter were involved in an automobile accident when a 1989 Chevrolet Beretta operated by Shalonder Parker struck the police unit Tantillo was driving. At the time of the accident, Tantillo, a deputy with the Tangipahoa Parish Sheriffs Office, and Carter, a reserve deputy, were assisting another Tangipahoa deputy in connection with a traffic stop.
On March 11, 1994, Ms. Parker and Dianne Parker, the owner of the vehicle involved in the accident, filed a lawsuit against Deputy Tantillo and J. Edward Layrisson, the Sheriff of Tangipahoa Parish. They alleged that Deputy Tantillo was negligent for driving too fast, failing to maintain a proper lookout and failing to avoid a collision. On March 15, 1994, Deputies Tantillo and Carter, along with their wives, filed a separate suit against Ms. Parker and her insurer, alleging that Ms. Parker was solely at fault in causing the accident. The two lawsuits were consolidated in the trial court.
In supplemental and amending petitions, the deputies and their wives (hereinafter collectively referred to as plaintiffs) added Sheriff Layrisson and/or the Louisiana Sheriffs’ Auto Risk Program (hereinafter collectively referred to as “LASHARP”) as an additional defendant. They urged that LASHARP provided uninsured motorist coverage to occupants of the Tangipahoa Parish police unit in which the deputies were riding up to the limits of automobile liability coverage afforded to the Tangipa-hoa Parish Sheriffs Office under the LASHARP plan. They asserted that as there was insufficient insurance coverage to satisfy l.qtheir claims, LASHARP was obligated to satisfy the remainder of the balance by tendering all or a portion of the UM coverage.
LASHARP is an interlocal risk management agency formed in accordance with La. R.S. 33:1481 to provide a group self-insurance fund for automobile liability claims to sheriffs in the State of Louisiana. LASHARP, a self-insurance fund, is administered by the Hunt Insurance Group, Inc. A business automobile coverage policy was issued to the Tangipahoa Parish Sheriffs Office that contained liability limits of $100,000.00 per person and $300,000.00 per accident. The record reflects that the Tangipahoa Parish Sheriffs Office selected lower UM limits in the amount of *132 $10,000.00 per person and $20,000.00 per accident.
LASHARP filed an exception of no right or cause of action, as well as a motion for summary judgment. LASHARP urged that it is not an insurance company and is not subject to direct action. Further, it posited, the Self-Insured agreement administered by LASHARP does not constitute insurance and thus is not subject to the formalities governing the rejection of uninsured motorist coverage. LASHARP alternatively asserted that even if recovery could be had under the plan, the self-insurance fund agreement specifically excluded, in three separate instances, coverage for bodily injury caused to an employee during the course of his employment.
The trial judge overruled and denied the exception/motion. In written reasons for judgment, the judge found that the manner in which LASHARP chose to “self-insure” indicated that they intended the plan to be governed by the rules of insurance law, and that since it chose to issue a policy in this case, the case would be governed by insurance law. The judge held that since the LASHARP plan is governed by the rules of insurance, there is underin-sured motorist coverage under the policy. Further, the judge concluded that the LASHARP policy did not contain a valid selection of lower UM limits, and thus ruled that the limits of the liability coverage were available to plaintiffs.
Thereafter, plaintiffs and LASHARP entered into a joint stipulation declaring that the accident was caused solely by the negligence of Shalonder |4Parker. They made the following additional stipulations: Both deputies were insured under health insurance policies procured and paid for by the Tangipahoa Parish Sheriffs Office. Deputy Tantillo received $104,098.51 in disability, compensation and medical benefits from or on behalf of the Sheriffs Office, the health insurer and the State of Louisiana. Deputy Tantillo was paid his full salary from March 1993 to May of that year, and two-thirds of his salary from June 1993 through April of 1996. The Sheriffs Office paid $7,078.99 in medical expenses on behalf of Deputy Carter, and the health insurer paid $10,750.63 in medical benefits. The parties also stipulated that the LASHARP coverage form provides limits of liability coverage in the amount of $100,000.00 per person and $300,000.00 per occurrence, and a selection of lower limits form was executed by Jo Ann Baiamonte on behalf of the Sheriffs Office on July 20, 1992, selecting lower UM coverage limits in the amount of $10, 000.00/$20,000.00. Lastly, the plaintiffs stipulated to the amount of damages: $100,000.00 in the case of the Tantillos and $16,376.64 for the Carters.
Concluding that all legal issues relating to the LASHARP plan had been previously decided in other pre-trial rulings by the court, and there being no factual issues relating to liability, causation -and damages, the trial judge ruled as a matter of law that the petitioners were entitled to the relief requested. Accordingly, the judge entered judgment in favor of the Tantillos in the amount of $100,000.00 and in favor of the Carters in the amount of $16,376.64.
This appeal, filed by LASHARP, followed.[1]
DISCUSSION
LASHARP challenges the trial court’s decision on numerous grounds. First, it assets that LASHARP is not an insurance company and the LASHARP plan is not an insurance policy under Louisiana. Therefore, it submits, LASHARP and the Self-Insured Fund administered thereunder are not governed by the substantive provi *133 sions of the Louisiana Insurance Code, | ¡¡including the direct action statute and the uninsured motorist statute. Even if the LASHARP plan was deemed to be “insurance,” LASHARP insists, that coverage would not be primary, and any coverage for this particular accident is specifically excluded under the provisions of the policy. Because we agree that the LASHARP plan specifically excludes coverage on the plaintiffs’ claims, we pretermit all other assignments of error raised in this appeal.[2]
The policy issued by LASHARP specifically excludes coverage for “bodily injury to an employee of the ‘insured’ arising out of and in the course of employment by the ‘insured’ ”. It is undisputed that Deputies Tantillo and Carter were injured in the course and scope of their employment with the Tangipahoa Parish Sheriffs Office. Therefore, the self-insurance fund agreement administered by LASHARP does not cover their claims.
Accordingly, we hold that the trial court erred in entering any awards against LASHARP, and we reverse those rulings.
CONCLUSION
Based on the foregoing, the judgment appealed from is reversed. All costs of this appeal are assessed to plaintiffs.
REVERSED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.

. No briefs were filed by plaintiffs in response to the appeal.

. We note, however, that this court has already held that a UM form executed by a sheriff in connection with a fund agreement issued by LASHARP was not subject to the requirements of the Louisiana Insurance Code and need not comply with La. R.S. 22:1406(D)(l)(a)(i). Basco v. Dorthy R. Racine Trucking, Incorporated, 97-2740, pp. 5-6 (La.App. 1 Cir. 12/28/98), 725 So.2d 606, 608-609, writ denied, 99-0263 (La.3/19/99), 740 So.2d 119.